## OBLIGATION MADE IN OHIO TO BE PERFORMED ELSEWHERE.

THE MONTANA COAL & COKE CO. v. THE CINCINNATI COAL & COKE CO. ET AL.

69 Ohio State—Decided, January 5, 1904.

*Contract Made in One State to be Performed in Another—Governed by Laws of Latter—Promissory Note Made in Ohio Payable in Kentucky—Indorsers in Kentucky and Pennsylvania—Law of Indorsement.*

1. A contract made in one state or country to be performed in another,
   is governed by the laws of the latter, which determine its validity,
   obligation and effect.   *The Pittsburgh, Cincinnati, Chicago & St.
   Louis Railway Co.* v. *Sheppard,* 56 Ohio St., 68, and *Kanaga* v.
   *Taylor,* 7 Ohio St., 142, approved and followed.
2. A promissory note for the payment to the payee of a certain sum
   of money "payable at Northern Bank, Covington, Ky.," signed by

the principal debtor in Ohio, and before delivery, which was in Ohio, signed in blank on the back by another party in Kentucky and by one in Pennsylvania, is a contract by all the parties thereto that the contract shall be performed in Kentucky; and as to its nature, validity, interpretation and obligation is governed by the laws of that state.

Error to the Circuit Court of Hamilton County.

On February 1, 1896, the defendant in error, The Cincinnati Coal & Coke Co., executed and delivered to the plaintiff in error, The Montana Coal & Coke Co., a promissory note of which the following is a copy:

"$1,654.39.                    CINCINNATI, Feb. 1, 1896.

"Ninety days after date the Cinti. Coal & Coke Co. promise to pay to the order of Montana Coal & Coke Co. sixteen hundred fifty-four and thirty-nine one-hundredths dollars, payable at Northern Bank, Covington, Ky., value received.

"A. MONTGOMERY, *Pres.*

"L. STOCK, *Sec'y & Treas.*"

On the back of said note appear the following indorsements:

"A. Montgomery & Co.   Marshall McDonald."

The consideration for the note was coal sold by the plaintiff in error to the defendant in error, The Cincinnati Coal & Coke Co., prior to its date. The Cincinnati Coal & Coke Co., when the money was due, requested an extension of time for payment and the plaintiff in error agreed to extend the time for payment, provided that The Cincinnati Coal & Coke Co. would execute and deliver to the plaintiff a ninety-day note, indorsed by A. Montgomery & Co. and Marshall McDonald; A. Montgomery did so indorse said note on the back thereof at Covington, Kentucky, prior to the delivery of the note to the plaintiff in error; The Cincinnati Coal & Coke Co. thereupon sent said note to Marshall McDonald, at Pittsburg, Pennsylvania, and he there indorsed his name on the back of said note after the indorsement of A. Montgomery & Co., and returned the said note to The Cincinnati Coal & Coke Co., at Cincinnati, Ohio, after which The Cincinnati Coal & Coke Co. delivered the note to the plaintiff in error, The Montana Coal & Coke Co., at Cincinnati, Ohio. The note, on default, was not protested, nor was notice of non-payment given to Alexander

Montgomery, the surviving partner of A. Montgomery & Co.; nor to Marshall McDonald or his legal representatives. The note was never discounted or negotiated at any bank in the state of Kentucky; no suit was instituted to compel The Cincinnati Coal & Coke Co. to pay the note in any court prior to this suit; each of the circuit courts of the state of Kentucky, being courts of general jurisdiction in all actions at law, held a term subsequent to May 1, 1896, at which an action might have been brought by the plaintiff in error to recover any sum that might have been due upon the note set out in the petition; the plaintiff, The Montana Coal & Coke Co., has always been the owner and holder of the note set forth in the petition.

On the trial of this action in the Court of Common Pleas of Hamilton County, the court held upon these facts, that the liability of Alexander Montgomery and Marshall McDonald was to be determined by the laws of the state of Kentucky; and that by the laws of that state said indorsers were to be regarded as assignors, merely, and were released from all liability to the payee of the note in suit, because the payee had failed to prosecute the maker to insolvency at the next term of the circuit court in that state after the maturity of the note. The petition of the plaintiff in error was, therefore, dismissed as to Montgomery and McDonald, and this judgment was affirmed on error to the Circuit Court of Hamilton County.

*Nathaniel Wright,* for plaintiff in error.

*A. C. Shattuck,* for defendant in error.

DAVIS, J.; BURKET, C. J., SPEAR, SHAUCK, PRICE and CREW, JJ., concur.

This court has already committed itself to the doctrine that "a contract made in one state or country to be performed in another, is governed by the laws of the latter, which determine its validity, obligation and effect" (*The Pittsburgh, Cincinnati, Chicago & St. Louis Railway Go.* v. *Sheppard,* 56 Ohio St., 68; *Kanaga* v. *Taylor,* per Bowen, J., 7 Ohio St., 142). This rule is so well established upon reason and authority that it requires no discussion here. The note which is the subject of controversy in this case was signed by one of the parties in Ohio, and before delivery by another in Kentucky and by another in Pennsyl-

vania; but it was delivered to the agent of the payee in Ohio. The contract was within the control of the parties who are bound by it and did not become effective until it was delivered. Therefore, the *loci contractus* is Ohio. But the place of performance, the *loci solutionis,* is Kentucky; because the note is expressly made "payable at Northern Bank, Covington, Ky." The plaintiff in error insists that this stipulation binds only the principal debtor, The Cincinnati Coal & Coke Co., which signed underneath the note and upon the face of it; and that the contract of the parties who signed in blank on the back of the note, although before its delivery, is like the engagement of an indorser, an independent contract which contains no stipulation as to the place of performance. Hence, it is argued, that as to these parties the case is controlled by the *lex loci contractus,* that is, the law of Ohio. From our point of view, Montgomery & Co. and McDonald were not indorsers in the regular way, and in the course of business as the owners or holders of the note. All of the defendants were original parties to the note, having signed it before it came into the possession of the first owner, the payee. The facts are undisputed and the obvious deduction therefrom is that the parties to the note at the time of its utterance all understood and meant to be governed by its terms; for at the time Montgomery & Co. and McDonald put their signatures on the back of the note the stipulation that the money should be "payable at Northern Bank, Covington, Ky.," was as much a part of the original contract as the promise to pay to the order of plaintiff the sum of money which is stated. There was, in short, no separate contract after the making of the note; but the note came to the payee signed by all of the defendants and with the place of performance distinctly expressed. There was therefore no error in the judgments of the courts below, and the judgment of the circuit court is

*Affirmed.*